WILDMAN, HARROLD, ALLEN & DIXON LLP
Clinton J. McCord (SBN 204749)
mccord@wildman.com
9665 Wilshire Boulevard, Suite 200
Los Angeles, CA 90212
Telephone: (310) 860-8700
Facsimile: (310) 860-3800

Michael Dockterman (*of counsel*)
Jami A. Gekas (*of counsel*)
Heather H. Harrison (*of counsel*)
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

Attorneys for Plaintiff
STARCOM MEDIAVEST GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARCOM MEDIAVEST GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEDIAVESTW.COM AND DOES 1-5, <br><br> Defendants. | CASE NO. <br> CV10-04025 <br><br> COMPLAINT FOR (1) *IN REM* ACTION UNDER ANTICYBERSQUATTING CONSUMER PROTECTION ACT AND (2) TRADEMARK INFRINGEMENT. <br><br> JURY DEMAND |

**COMPLAINT**

Plaintiff Starcom MediaVest Group, Inc. ("SMG"), by and through its attorneys, complains against the Defendant domain name MEDIAVESTW.COM (the "Infringing Domain") and Does 1-5 (the "Doe Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff SMG brings this action against the Infringing Domain, MEDIAVESTW.COM, pursuant to the *in rem* provisions of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(2)(A), and against the Doe Defendants for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

## THE PARTIES

2. Plaintiff SMG is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business and global headquarters located at 35 West Wacker Drive, Chicago, IL, 60601.

3. Defendant MEDIAVESTW.COM is an Internet domain name.

4. The true names and capacities, whether individual, corporate, associate, partnership, limited liability company, or otherwise, of Doe Defendants 1-5, are unknown to SMG, who therefore sues said Defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. SMG alleges on information and belief that each of the fictitiously-named Defendants is responsible in some manner for the wrongful conduct herein alleged, and that such wrongful conduct caused harm to SMG.

## DOMAIN NAME REGISTRANT, REGISTRAR, AND REGISTRY

5. The domain name registrar ("Registrar") for the Infringing Domain is Melbourne IT, Ltd. ("Melbourne IT"), which is located at Level 2, 120 King Street, Melbourne Victoria 3000, Australia.

6. On information and belief, the unknown registrant ("Registrant") of the Infringing Domain has used and is using a Melbourne IT service designed to conceal the contact information of the registration called "My Private Registration."

2.

COMPLAINT

7. Nonetheless, as of September 3, 2010, the WHOIS report for the Infringing Domain lists the Registrant as Mr. Kilson, 2000 West Loop South, Houston, Texas 77027. On information and belief, this is a fictitious name and address. The true name and whereabouts of the Registrant are presently unknown.

8. The domain name registry ("Registry") for the Infringing Domain is VeriSign, Inc. ("VeriSign"), a corporation organized and existing under the laws of the state of Delaware, with its headquarters located at 487 East Middlefield Road, Mountain View, CA 94043. VeriSign is registered to do business in the State of California, and maintains physical offices in this judicial district and Division.

9. On information and belief, as of August 26, 2010, the Infringing Domain was using Yahoo! Inc. ("Yahoo"), a corporation organized and existing under the laws of the state of Delaware, with its headquarters located at 701 First Avenue, Sunnyvale, CA 94089, for domain name services ("DNS"), e-mail and web services. DNS is the Internet service that, *inter alia*, enables specific Internet services to be made available via an Internet domain. On information and belief, as of the date of this filing, Yahoo has ceased acting as the DNS provider for the Infringing Domain.

## JURISDICTION & VENUE

10. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 (original jurisdiction over Lanham Act claims), 28 U.S.C. §§ 1331 (federal question) and 1338(a) (jurisdiction to adjudicate federal trademark claims).

11. This Court has *in rem* jurisdiction over the Infringing Domain under the ACPA, 15 U.S.C. § 1125(d)(2)(A), because VeriSign, Inc., which is the domain name registry, is located in this judicial district.

12. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II), SMG was not able to locate the Registrant or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1). SMG's due diligence in attempting to locate the Registrant is described in Paragraphs 34–46 of this Complaint.

13. This Court has jurisdiction over the Doe Defendants pursuant to 28 U.S.C. § 1367.

WILDMAN HARROLD
Limited Liability Partnership
9665 Wilshire Blvd.,
Suite 200
Beverly Hills, CA 90212
(310) 860-8700

3.

COMPLAINT

## VENUE & INTRADISTRICT ASSIGNMENT

14. Venue is proper in this judicial district and Division, pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 1125(d)(2)(A) because the situs of the *res*, i.e., the Infringing Domain, is located within this judicial district and the County of Santa Clara, California.

## FACTS COMMON TO ALL COUNTS

### I. Background

15. SMG is a global advertising media services company that provides research, consulting, media planning and media buying services for its clients. SMG conducts business through a number of "doing business as" ("DBA") operating divisions, including Starcom Worldwide, Spark Communications, SMG Performance Marketing, Pixel, and MediaVest. Together, these various DBAs combine to make SMG one of the largest communications companies in the world, with more than 110 offices in 67 countries worldwide, and 6200 employees.

16. SMG is the owner of the federally registered service marks MEDIAVEST (Reg. No. 2269502), STARCOM (Reg. No. 2222195), and STARCOM MEDIAVEST GROUP (Reg. No. 3783544) for, inter alia, advertising services, namely, placing and preparing advertising of others, purchase and procurement of media time, planning and research of print, radio, television and electronic advertising media use ("SMG Services") (collectively, hereinafter, "SMG Marks").

17. The SMG Marks have been extensively used and promoted throughout the United States and have come to represent an invaluable goodwill identifying the SMG Services. The SMG Marks and the goodwill associated therewith represent an extremely valuable asset to SMG.

18. SMG, for itself and on behalf of its various DBAs, owns multiple domain names and associated websites, including www.smvgroup.com (SMG's site), www.starcomworldwide.com (Starcom's site) and www.mediavestww.com (MediaVest's site).

19. In general, SMG's employees use email addresses that indicate which DBA they are associated with. So, for example, Starcom employees use email addresses in the following format: Firstname.Lastname@starcomworldwide.com, while MediaVest employees use email addresses in the following format: Firstname.Lastname@mediavestww.com.

4.

COMPLAINT

20. SMG's MEDIAVESTWW.COM domain name is used to advertise and sell the advertising media services of its New York agency DBA known as MediaVest.

## II. The Infringing Domain and the Imposter "John Wilson"

21. Despite SMG's federal service mark registrations, the Infringing Domain, MEDIAVESTW.COM, was registered on or about August 6, 2010.

22. The Infringing Domain consists primarily of the term "MEDIAVEST" (a SMG Mark) and is essentially identical to the domain for the SMG Site, with the only difference being one "W" versus two after "MEDIAVEST."

23. In August of 2010, a Doe Defendant (the "Imposter") began using the Infringing Domain to e-mail publishers, fraudulently attempting to place advertisements with those publishers, using SMG's goodwill and the SMG Marks.

24. The e-mails using the Infringing Domain (the "Infringing E-mails") purported to be from an individual identifying himself as "John Wilson, Marketing Director, Starcom MediaVest Group" and using the SMG Marks, as seen below:

```
-----Original Message-----
From: John Kilson [mailto:john.wilson@mediavestw.com]
Sent: Monday, August 09, 2010 13:46
To: ▓▓▓▓ Megan
Subject: Interested in Doing Some Advertisement

Hello Megan,
My name is John Wilson, I with Starcom Mediavest Group, were interested in doing some advertisement with 98 rock. I think your demographic work well with our particular client. Please give me a call at 312-451-5872.

John Wilson, Marketing Director
Starcom MediaVest Group
35 W. Wacker Drive
Chicago, IL 60601
Tel:(312)451-5872
```

WILDMAN HARROLD
Limited Liability Partnership
9665 Wilshire Blvd.,
Suite 200
Beverly Hills, CA 90212
(310) 860-8700

5.

COMPLAINT

25. No individual named John Wilson is or has ever been employed as a Marketing Director by SMG, nor does any individual by the name of John Wilson have the authority of SMG to act on its behalf.

26. The Imposter, using the SMG Marks, contacted several different Clear Channel radio stations at various locations across the country, including San Diego, Los Angeles, Orlando, New York, and Houston. The Imposter attempted to place advertisements on behalf of a website, AllAutograph.com.

27. Based on the Imposter's use of the Infringing Domain and the goodwill associated with the SMG Marks, some Clear Channel employees corresponded over e-mail and telephone with the Imposter and agreed to run advertisements for AllAutograph.com.

28. The Imposter told Clear Channel to make contracts in Starcom Mediavest's name, as seen below:[1]

---

From: John Wilson [mailto:john.wilson@mediavestw.com]
Sent: Thursday, August 12, 2010 7:08 PM
To: ▉▉▉ MICHAEL
Subject: Re: AllAutograph.com

Hey John,

Just put the contract in our name, Starcom Mediavest , it's find, were going to take care of the bill anyway . The client has already prepaid us. Thanks and I will look out for the IO.

John Wilson, Marketing Director
Starcom MediaVest Group
35 W. Wacker Drive
Chicago, IL 60601
Tel:(312)451-5872

From: ▉▉▉ MICHAEL ▉▉▉@clearchannel.com>
To: John Wilson <john.wilson@mediavestw.com>
Sent: Thu, August 12, 2010 5:39:27 PM
Subject: RE: AllAutograph.com

Hello John...I'm trying to create an IO for you in our system, but am unable to find your client's DBA. Do you have that info at hand?

---

[1] "IO" stands for "insertion order," which is a written authorization to print an advertisement or to broadcast a commercial; essentially, a purchase order used by advertising agencies or media representatives.

6.

COMPLAINT

29. Further, when asked how payment was going to be structured, the Imposter told Clear Channel to bill Starcom MediaVest Group, as seen below:

> From: John Wilson [mailto:john.wilson@mediavestw.com]
> Sent: Thursday, August 12, 2010 9:28 AM
> To: ████████ MICHAEL
> Subject: Re: AllAutograph.com
>
> Were going to skip out on the audio for the campaign, were going to focus on the online portion only,(leaderboard and 300x 250 ad unit) also, we do all our campaigns net 30 days, and you can send it to us at the adress below, we will take care of it;
>
> Starcom MediaVest Group
> 35 W. Wacker Drive
> Chicago, IL 60601
>
>
>
> John Wilson, Marketing Director
> Starcom MediaVest Group
> 35 W. Wacker Drive
> Chicago, IL 60601
> Tel:(312)451-5872

30. SMG has a formal business relationship with Clear Channel for the placement of advertisements. Orders are typically communicated by SMG to a central division within Clear Channel, and then are communicated from that central division to the relevant Clear Channel radio stations. In this case, the Imposter communicated directly with the advertising sales personnel at individual Clear Channel stations.

31. Eventually, the central division at Clear Channel became aware that multiple Clear Channel radio stations had been contacted by the Imposter, and that the Imposter had convinced at least one station to place and run an advertisement submitted by the Imposter for AllAutograph.com.

32. Clear Channel forwarded the Infringing E-mails to SMG, who identified them as fraudulent and confirmed there was no Marketing Director named John Wilson at SMG.

### III. SMG's Attempts to Locate the Registrant of the Infringing Domain

33. On August 26, 2010, promptly after discovering the registration of the Infringing Domain and the Imposter's Infringing E-mails, counsel for SMG made a telephone call to phone number (312) 451-5872, which is the telephone number included in the email signature block of the Imposter; counsel received a message that the number was "not in service."

34. On August 27, 2010, SMG sent notice to the Imposter "John Wilson" informing him that SMG owns all rights in the SMG Marks and that the registration and use of MEDIAVESTW.COM and the use of STARCOM MEDIAVEST GROUP constitutes trademark infringement, unfair competition, and trademark dilution. The notice demanded immediate transfer of the Infringing Domain to SMG and was sent via e-mail to john.wilson@mediavestw.com. SMG, however, did not receive a response to its notice.

35. Typically, the contact information for a person that registers an Internet domain (the registrant) is available via the Internet WHOIS directory. According to the WHOIS report for the Infringing Domain as of August 26, 2010, the Registrant of the Infringing Domain appeared to be using a Melbourne IT service designed to conceal the contract information of the registration called "My Private Registration."

36. On August 27, 2010, SMG sent notice to Melbourne IT, the Registrar of the Infringing Domain, informing it of the trademark infringement, unfair competition, and trademark dilution, and demanding that it disable the Infringing Domain, transfer the Infringing Domain to SMG, and reveal the identity of the Registrant, which was hidden by Melbourne IT's "My Private Registration" cloaking service. The notice was sent via e-mail to policy@melbourneit.com.au.

37. On August 28, 2010, SMG sent the same notice to Melbourne IT via overnight courier.

38. Further, on August 28, 2010, SMG sent notice to Melbourne IT notifying it that it must forward the enclosed notice to the Registrant that was using the "My Private Registration" service. SMG enclosed a copy of the August 27, 2010 notice to "John Wilson." SMG has not received a response from Melbourne IT.

WILDMAN HARROLD
Limited Liability Partnership
9665 Wilshire Blvd.,
Suite 200
Beverly Hills, CA 90212
(310) 860-8700

8.

**COMPLAINT**

39. On August 27, 2010, SMG sent notice via e-mail to Yahoo, who was providing both web and e-mail services for the Infringing Domain, informing it of the trademark infringement, unfair competition, and trademark dilution, and demanding that it disable the Infringing Domain, transfer the Infringing Domain to SMG, and provide SMG with the contact information provided by the Registrant in connection with the Infringing Domain.

40. Yahoo responded on August 30, 2010, asking for copies of the Infringing E-mails with full internet headers. SMG provided copies of the Infringing E-mails and full internet headers and repeated its demands. As of September 4, 2010, it appears that Yahoo has ceased providing e-mail and web services for the Infringing Domain. But Yahoo has not provided contact information for the Registrant. Furthermore, on information and belief, it would be relatively easy for the Registrant of the Infringing Domain to seek a new DNS provider and resume use of the Infringing Domain for email and/or web services.

41. SMG also investigated the domains involved in the Infringing E-mails. As of August 26, 2010, the domain ALLAUTOGRAPH.COM automatically redirected to a website available at URL http://www.neautograph.com. On August 29, 2010, SMG sent notices to AllAutograph.com and NEAutograph.com via e-mail and overnight courier to e-mail and physical addresses listed on NEAutograph.com's website and the WHOIS information for both domains. On August 31, 2010 Federal Express informed counsel for SMG that it was unable to deliver correspondence to the NEAutograph.com New York City postal address, because the address was located in the Hudson River. On August 31, 2010 Federal Express informed counsel for SMG that it had delivered the letter to the Huntington Beach, California address for NEAutograph.com. Nonetheless, SMG did not receive a response from AllAutograph.com or NEAutograph.com.

42. On August 30, 2010, SMG sent notice to VeriSign, Inc., the Registry, informing it of the trademark infringement, unfair competition, and trademark dilution, and demanding that it disable the Infringing Domain, transfer the Infringing Domain to SMG, and provide SMG with the contact information provided by the Registrant in connection with the Infringing Domain.

43. On August 31, 2010, VeriSign, Inc. informed SMG that it cannot disable a domain name unless ordered to do so by a court of competent jurisdiction.

44. On September 3, 2010, SMG learned that the WHOIS listing for the domain name MEDIAVESTW.COM now listed contact information for the Registrant as Mr. Kilson, 2000 West Loop South, Houston, TX 77027, kilsonjohn@yahoo.com. SMG immediately sent notice via e-mail to Mr. Kilson informing it of the trademark infringement, unfair competition, and trademark dilution, and demanding that he cease sending infringing e-mails, cease use of the Infringing Domain, and transfer the Infringing Domain to SMG. The e-mail sent by SMG was bounced back as undeliverable. The same notice was sent via overnight courier to the Houston address on September 3, 2010. On September 7, 2010, the Federal Express web site indicated the letter was undeliverable due to an "Incorrect address – Apartment/Suite number."

45. On September 7, 2010, counsel for SMG made a telephone call to phone number (717) 469-9711, which is the telephone number included in newly revealed WHOIS listing for the domain name MEDIAVESTW.COM; counsel received a message that the number was "not in service."

## COUNT I

### *In rem* action against MEDIAVESTW.COM

### 15 U.S.C. 1125(d)(2)

46. SMG restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1–45.

47. Defendant MEDIAVESTW.COM constitutes property having a situs at 487 East Middlefield Road, Mountain View, CA 94043.

48. SMG is the owner of the federally-registered service mark MEDIAVEST (Reg. No. 2,269,502) and has common law trademark rights in the domain name "MediaVestww.com" (together, the "MediaVest Marks").

49. SMG's MediaVest Marks were famous and distinctive prior to the registration or use by Defendants of the infringing MEDIAVESTW.COM domain name.

WILDMAN HARROLD
Limited Liability Partnership
9665 Wilshire Blvd.,
Suite 200
Beverly Hills, CA 90212
(310) 860-8700

10.

**COMPLAINT**

50. The registration and use of the Infringing Domain violate SMG's rights as the owner of the MediaVest Marks.

51. On information and belief, no Defendant has any trademark or other intellectual property rights in the infringing MEDIAVESTW.COM domain name.

52. On information and belief, the Defendant MEDIAVESTW.COM domain name was registered with bad faith intent to profit from SMG's MEDIAVEST Marks.

53. SMG is not able to obtain *in personam* jurisdiction in this Action over any person who would be a proper defendant in a civil action under 15 U.S.C. § 1125(d)(1) related to the Infringing Domain.

54. SMG has exercised due diligence in attempting to find a proper defendant for a civil action under 15 U.S.C. § 1125(d)(1) related to the Infringing Domain. Despite this exercise of due diligence, SMG has not been able to find and/or identify the proper defendant.

55. The registration and use of the Infringing Domain are likely to cause confusion, to cause mistake, and to deceive as to the origin, source, or sponsorship of the MEDIAVESTW.COM domain name among the public and SMG's customers.

56. The registration and use of the Infringing Domain are likely to cause dilution of SMG's famous and distinctive MEDIAVEST Marks.

57. The registration and use of the Infringing Domain by parties unaffiliated with SMG has caused, and will continue to cause, great and irreparable injury to SMG and, unless such acts are restrained by this Court, they will be continued, and SMG will continue to suffer great and irreparable injury.

58. SMG has no adequate remedy at law.

## COUNT II

### Trademark Infringement against the Defendants Does 1–5

### 15 U.S.C. § 1114(1)

59. SMG restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1–58.

60. By reason of the foregoing acts, Defendant Does 1-5 have used SMG's registered marks (MEDIAVEST, STARCOM MEDIAVEST GROUP, and STARCOM) in U.S. commerce in a manner that has and is likely to continue to cause confusion, mistake, or deception as to the origin, source, or sponsorship of the Defendants' products or services in that consumers are likely to believe that same are legitimately connected with SMG.

61. The Defendants' aforesaid use of the marks MEDIAVEST, STARCOM MEDIAVEST GROUP, and STARCOM each infringe, and/or have induced infringement of SMG's Marks in violation of the Lanham Trademark Act, 15 U.S.C. § 1051, *et seq.*

62. As a direct and proximate result of Defendants' conduct, SMG has suffered, and will continue to suffer, severe, immediate and irreparable injury and, unless such acts are restrained by this Court, they will be continued, and SMG will continue to suffer great and irreparable injury.

63. SMG has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Starcom MediaVest Group, Inc. prays for Judgment against Defendants as follows:

(a) That this Court declare, adjudge, and decree that Plaintiff is the sole legal and equitable owner of the MEDIAVESTW.COM domain name; and direct any and all domain name authorities to transfer and register the MEDIAVESTW.COM domain name to Plaintiff;

(b) For a temporary restraining order, preliminary injunction and permanent injunction against the Defendant Does 1–5, their officers, partners, agents, servants, employees, parents, subsidiaries, related companies, successors, predecessors, assigns and attorneys, and all others in active concert or participation with any of them, enjoining them from:

    (i) Using in any manner the mediavestw.com domain name, or any other term or terms likely to cause confusion with the domain name mediavestww.com, as the domain name of Defendants' website service, or in connection with the retrieval of data or information or on other goods or services, or in connection with the advertising or promotion of their goods, services or websites;

WILDMAN HARROLD
Limited Liability Partnership
9665 Wilshire Blvd.,
Suite 200
Beverly Hills CA 90212
(310) 860-8700

12.

COMPLAINT

  (ii) Using, whether directly or indirectly, the federally-registered service marks MEDIAVEST, STARCOM MEDIAVEST GROUP, and STARCOM, or any other mark or word similar to any of these marks in a manner which is likely to cause dilution, confusion, or mistake, or to deceive, on goods or services of any kind;

  (iii) Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Does 1–5 or any of their respective products or services emanate from Plaintiff, or are connected with, sponsored by, or approved Plaintiff or any of its operating divisions;.

  (iv) Aiding or assisting any person in engaging in any of the acts prohibited by subsections (i) through (iii) above.

 (c) The Defendants Does 1–5, in accordance with 15 U.S.C. § 1118, be required to deliver to Plaintiff all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendants' possession, custody, or control bearing any of the SMG Marks.

 (c) The Defendants Does 1–5 be required to pay to Plaintiff:

  (i) statutory damages;

  (ii) punitive damages;

  (iii) treble damages;

  (iv) actual damages;

  (v) all profits wrongfully derived by the Defendants from the use of the MEDIAVEST, STARCOM MEDIAVEST GROUP, and STARCOM service marks;

  (vi) Plaintiff's costs and expenses, including without limitation reasonable attorneys' fees; and

  (vii) prejudgment interest at the maximum legal rate.

 (d) That this case be deemed "exceptional" within the meaning of the Lanham Act; and

**COMPLAINT**

WILDMAN HARROLD
Limited Liability Partnership
9665 Wilshire Blvd.,
Suite 200
Beverly Hills, CA 90212
(310) 860-8700

(e)  This Court award any such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury on all issues herein so triable.

DATED: September 7, 2010

Respectfully submitted,

STARCOM MEDIAVEST GROUP, INC.

s/ *[signature: C. M. Cd]*

WILDMAN, HARROLD, ALLEN & DIXON LLP
Clinton J. McCord (SBN 204749)
mccord@wildman.com
9665 Wilshire Boulevard, Suite 200
Los Angeles, CA 90212
Telephone:  (310) 860-8700
Facsimile:  (310) 860-3800

Michael Dockterman (*of counsel*)
Jami A. Gekas (*of counsel*)
Heather H. Harrison (*of counsel*)
225 West Wacker Drive
Chicago, IL 60606-1229
Telephone:  (312) 201-2000
Facsimile:  (323) 201-2555