| | |
|---|---|
| 1 | WILDMAN, HARROLD, ALLEN & DIXON LLP |
| | Clinton J. McCord (SBN 204749) |
| 2 | mccord@wildman.com |
| 3 | 9665 Wilshire Boulevard, Suite 200 |
| | Los Angeles, CA 90212 |
| 4 | Telephone: (310) 860-8700 |
| | Facsimile: (310) 860-3800 |
| 5 | |
| 6 | Michael Dockterman (*of counsel*) |
| | Jami A. Gekas (*of counsel*) |
| 7 | 225 West Wacker Drive, Suite 2800 |
| | Chicago, IL 60606-1229 |
| 8 | Telephone: (312) 201-2000 |
| | Facsimile: (312) 201-2555 |

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARCOM MEDIAVEST GROUP, INC., | CASE NO. C-10-04025-PVT |
| Plaintiff, | **DECLARATION OF PATRICK R. MUELLER IN SUPPORT OF TEMPORARY RESTRAINING ORDER** |
| v. | |
| MEDIAVESTW.COM and JOHN DOES 1-5, | Date: N/A |
| Defendants. | Time: N/A |
| | Courtroom: 5 (4th Floor) |
| | Judge: Hon. Patricia V. Trumbull |
| | Action Filed: September 8, 2010 |
| | Trial Date: TBD |

I, **PATRICK R. MUELLER**, declare under penalty of perjury pursuant to 18 U.S.C. § 1746, as follows:

1. I am over 18 years of age, and have personal knowledge of the matters set forth herein, and if called upon to do so could and would competently testify thereto.

2. I am an attorney, duly licensed to practice in the State of Illinois, and employed by Wildman, Harrold, Allen & Dixon LLP, counsel for Starcom MediaVest Group, Inc.

**DECLARATION OF PATRICK R. MUELLER**

("SMG"), which does business under the names "MediaVest" and "Starcom Worldwide," and owns the website available at URL http://www.mediavestww.com.

3. SMG informed me on August 26, 2010 that SMG's business partner, Clear Channel Communications ("Clear Channel"), had been contacted by an individual using the name "John Wilson" and the e-mail address John.Wilson@MediaVestw.com, and falsely holding himself out as the "Marketing Director" of "Starcom MediaVest Group." Per SMG, this individual (the "Imposter") was, without the authorization of SMG or any of its DBAs, attempting to place Internet and radio advertisements with Clear Channel for a web site called "AllAutograph.com." This declaration details the attempts by me and other attorneys at my firm to contact the Imposter, the registrant of the MediaVestw.com domain name (who may or may not be the Imposter), and the various domain name authorities for the MediaVestw.com domain name, from August 27-September 7, 2010.

4. On August 27, 2010, I e-mailed a letter to the Imposter, at the John.Wilson@MediaVestw.com e-mail address. A true and accurate copy of the letter is attached as **Exhibit A**. As of September 7, 2010, the Imposter has not responded in any way to my letter.

5. On August 27, 2010, I entered the domain name MediaVestw.com (the "Infringing Domain") into my Internet browser, which displayed a homepage stating, *inter alia*, "This site is under construction." A true and accurate copy of the home page as of August 27, 2010 is attached as **Exhibit B**.

6. On August 26, 2010, I used the Robtex.com web site ("Robtex"), an Internet research tool, to investigate the Infringing Domain. The Robtex WHOIS inquiry indicated that the Infringing Domain was created on August 6, 2010, and that the domain name registrar is Melbourne IT. On August 26, 2010 I created a .pdf file of the Robtex WHOIS report for the Infringing Domain, and a true and accurate copy of the same is attached as **Exhibit C.**

7. I was copied on an email letter sent by my colleague Heather Nolan, an attorney also employed by Wildman, Harrold, Allen & Dixon LLP, on August 27, 2010 to Melbourne IT.

**DECLARATION OF PATRICK R. MUELLER**

A true and accurate copy of the letter is attached as **Exhibit D**. The following day, I sent via overnight courier the same letter to Melbourne IT. As of September 7, 2010, Melbourne IT has not responded to our correspondence nor complied with the demands set forth in the letter.

8. On August 26, 2010, the Robtex DNS records inquiry indicated that the Infringing Domain was using Yahoo! Inc. ("Yahoo") for domain name services (DNS), e-mail and web services. Upon information and belief, DNS is the Internet service that, *inter alia*, enables specific Internet services to be made available via an Internet domain. A true and accurate copy of a publicly available document entitled "Explanation of DNS Records," (available at the URL http://www.cadetech.co.uk/Web_Design_information/DNS.asp), which provides an explanation of how the DNS system works, is attached as **Exhibit E**. I created a .pdf file of the Robtex DNS records report for the Infringing Domain (MediaVestw.com) as of August 26, 2010, and a true and correct copy of that report is attached as **Exhibit F**.

9. From August 27-September 2, 2010, I corresponded via e-mail with Yahoo, asking that it discontinue providing DNS, e-mail and web services to the Infringing Domain. True and accurate copies of that correspondence are attached hereto as composite **Exhibit G**. On September 2, 2010, Yahoo sent me an e-mail stating that it had taken "appropriate action" with respect to the Infringing Domain. (*See id.*) As of September 4, 2010, it appeared to me, based on my investigation, that Yahoo had ceased providing e-mail and web services for the Infringing Domain. On September 4, 2010, I visited Robtex, and created a .pdf file of the Robtex DNS records report for the Infringing Domain; a true and accurate copy of that report is attached as **Exhibit H**.

10. On information and belief, the contact information for a person that registers an Internet domain (the registrant) is typically available via the Internet WHOIS directory. According to the WHOIS report for the Infringing Domain (see Exhibit C), the registrant of the Infringing Domain (likely an affiliate of the Imposter) appears to be using a Melbourne IT service called "My Private Registration" designed to conceal the contact information of the registrant. On September 4, 2010, I visited the web page (on Melbourne IT's web site) describing

the "My Private Registration Service" and created a .pdf file of the web page; a true and accurate copy of the web page is attached as **Exhibit I**.

11. Accordingly and in another attempt to contact the Imposter, on August 28, 2010 I sent via e-mail and overnight courier to the My Private Registration service the cease and desist letter addressed to "Mr. Wilson," requesting that the My Private Registration service forward the letter to the Imposter. A true and accurate copy of the letter is attached as **Exhibit J**.

12. Because the Imposter had attempted to place advertisements for the AllAutograph.com website, I also attempted to contact the owners of that site. On August 26, 2010, I entered the AllAutograph.com domain name into my Internet browser and was automatically re-directed to the NEAutograph.com web site, available at URL http://www.neautograph.com. On September 4, 2010, I again entered the AllAutograph.com domain name into my Internet browser and was automatically re-directed to the NEAutograph.com web site, available at URL http://www.neautograph.com; I also created a .pdf file of the NEAutograph.com homepage, a true and accurate copy of the first and last page of which is attached as **Exhibit K**.

13. On August 26, 2010, I visited Robtex and created a .pdf file of the Robtex WHOIS report for AllAutograph.com, a true and accurate copy of which is attached as **Exhibit L**. On August 26, 2010, I visited Robtex and created a .pdf file of the Robtex DNS records report for AllAutograph.com, a true and accurate copy of which is attached as **Exhibit M**.

14. On August 26, 2010, I visited Robtex and created a .pdf file of the Robtex WHOIS report for NEAutograph.com, a true and accurate copy of which is attached as **Exhibit N**. On August 26, 2010, I visited Robtex and created a .pdf file of the Robtex DNS records report for NEAutograph.com, a true and accurate copy of which is attached as **Exhibit O**.

15. On August 29, 2010 I sent via e-mail and overnight courier a letter to AllAutograph.com, NEAutograph.com and the "Domains by Proxy" registrant cloaking service provided by the registrar for the two domains (Wild West Domains, Inc.). A true and accurate copy of the letter is attached as **Exhibit P**. I obtained the recipients' e-mail and postal addresses

(in both New York and California) from the NEAutograph.com web site. As of September 7, neither AllAutograph.com nor NEAutograph.com have responded nor has either complied with the demands in the letter.

16. On August 31, 2010 Federal Express informed my office that it was unable to deliver the letter to the NEAutograph.com New York City postal address (which was provided on the NEAutograph.com web site) because, per Federal Express, the address was located in the Hudson River. On August 31, 2010 Federal Express informed my office that it delivered the letter to the Huntington Beach, California address for NEAutograph.com and that "M. Stewart" signed for receipt of the letter.

17. VeriSign, Inc. ("VeriSign") is the operator of the dot-com registry and thus acts as the registry for the Infringing Domain. See the Wikipedia web page for ".com," a true and accurate copy of which (as of September 5, 2010) is attached as **Exhibit Q**.

18. On August 30, 2010 I sent via e-mail and overnight courier a letter to VeriSign regarding the Infringing Domain. A true and accurate copy of the letter is attached as **Exhibit R**.

19. On August 31, 2010 I spoke via telephone with James T. Hubler (VeriSign Senior Corporate Counsel, Global Law Department) who explained to me that VeriSign cannot disable a domain name unless it is ordered to do so by a court of competent jurisdiction.

20. On September 3, 2010 "Domains by Proxy, Inc." (see paragraph 15) e-mailed me, providing the contact information supplied by the registrant of the Infringing Domain – a "Mr. Kilson."

21. Accordingly, on September 3, 2010 I sent via e-mail and overnight courier a letter addressed to "Mr. Kilson," demanding that he, *inter alia*, cease using the Infringing Domain to send e-mails, and that he transfer the Infringing Domain to MediaVest. The letter sent via e-mail (to kilsonjohn@yahoo.com) was immediately returned as undeliverable. A true and accurate copy of the letter is attached as **Exhibit S**. A true and accurate copy of the message indicating that the e-mail to "Mr. Kilson" was undeliverable is attached as **Exhibit T**. On September 7, 2010 I queried the Federal Express web site to determine if the letter was delivered to Mr.

**DECLARATION OF PATRICK R. MUELLER**

Kilson; the Federal Express web site indicated that it was undeliverable due to an "Incorrect address – Apartment/Suite number." As of September 7, 2010, "Mr. Kilson" has not responded nor has he complied with our demands.

22. Attached as **Exhibit U** is a true and correct copy of incontestable U.S. Trademark Registration No. 2,269,502, dated August 10, 1999, for the word mark MEDIAVEST, for use in connection with, inter alia, "advertising services."

23. Attached as **Exhibit V** is a true and correct copy of U.S. Trademark Registration No. 3,783,544, dated May 4, 2010, for the word mark STARCOM MEDIAVEST GROUP, for use in connection with, inter alia, "advertising agency services."

24. Attached as **Exhibit W** is a true and correct copy of incontestable U.S. Trademark Registration No. 2,222,195, dated February 9, 1999, for the word mark STARCOM, for use in connection with, inter alia, "advertising agency services, including purchasing media time for advertisements of others."

25. Attached as **Exhibit X** is a true and correct copy of the entry from consumer protection website "Ripoff Report" for "NE Autographs," which I visited at URL http://www.ripoffreport.com/Miscellaneous-Companies/NE-Autographs-Nathan/ne-autographs-nathan-autogrp-67q76.htm on September 7, 2010.

26. On August 26, 2010, Ms. Nolan told me that she made a telephone call to phone number (312) 451-5872, which I understand from SMG is the telephone number included in the email signature block of the Imposter; Ms. Nolan told me that the phone number was "not in service."

27. On September 7, 2010, I made a telephone call to phone number (717) 469-9711, which was provided by Domains by Proxy, Inc. as the phone number for Mr. Kilson (see paragraph 20); I received a recording that indicated that the phone number was "disconnected or no longer in service."

**DECLARATION OF PATRICK R. MUELLER**

1       I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

**EXECUTED** on September 7, 2010 in Chicago, Illinois.

                                    */s/ Patrick R. Mueller*

                                    **PATRICK R. MUELLER**

---

**DECLARATION OF PATRICK R. MUELLER**