UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STARCOM MEDIAVEST GROUP, INC., | Case No.: 10-CV-04025-LHK |
| Plaintiff, | ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |
| v. | |
| MEDIAVESTW.COM AND JOHN DOES 1-5., | (re: #6 and #9) |
| Defendants. | |

Plaintiff Starcom Mediavest Group, Inc. ("SMG") seeks a Temporary Restraining Order against the Registrant of Mediavestw.com, all parties in concert with the Registrant, and any other parties claiming ownership in the domain name "mediavestw.com." SMG alleges that an "Imposter," whom SMG has attempted to identify without success, is infringing on its trademark rights by using an illegal domain name called "mediavestw.com" (one "w" after mediavest). SMG alleges it has registered the "MEDIAVEST" mark, and has its own business web site available at "mediavestww.com" (two "w's" after mediavest).

1

SMG seeks a Temporary Restraining Order pursuant to the *in rem* provisions of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).  To succeed on its ACPA claim, SMG must show that: 1) it owns a registered trademark; 2) the domain name registry is located in this judicial district; 3) the domain name violates SMG's trademark rights; and 4) SMG, through due diligence, is unable to find a person who could be a defendant.  SMG, in order to obtain equitable relief, must show that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008).  The issuance of preliminary injunctive relief is at the discretion of the district court.  *Indep. Living Ctr. v. Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009).

SMG has met its burden and is entitled to a Temporary Restraining Order.  SMG has shown that it is likely to succeed on the merits and is likely to suffer irreparable harm absent preliminary relief, as it is has established itself as the owner of trademark rights in "mediavest," has shown that the infringing domain name is in this judicial district, and shown that its trademark rights have been violated as the Registrant fraudulently contacted numerous business partners and tricked at least one of SMG's business partners into an agreement for the sale of advertising space.  Moreover, the Registrant, who has not responded to SMG's numerous contact efforts, has apparently provided "material and misleading false contact information," which evinces "bad faith" for purposes of ACPA.  15 U.S.C. § 1125(d); *see also Con-Way Inc. v. CONWAYRACING.COM*, 2009 U.S. Dist. LEXIS 67111 (N.D. Cal. July 28, 2009).  SMG has also shown that the balance of equities and public interest are in its favor, as the Registrant does not have the right to infringe on SMG's trademark rights and the public interest favors elimination of consumer confusion.  Because SMG has made such a strong showing of likelihood of success on merits and because the Registrant's activities have evinced fraudulent intent and bad faith, the Court shall not require a

2

Case No.: 10-CV-04025-LHK
ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

bond at this time. *See California ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985) (a strong likelihood of success on the merits may favor "a minimal bond or no bond at all).

Therefore, the Court issues an ORDER TO SHOW CAUSE to the Registrant of Mediavestw.com, any and all parties acting in concert with the Registrant, and any other parties claiming ownership or other protectable interest in the domain name mediavestw.com (collectively "Defendants") to be heard as to why they should not be restrained and enjoined from using, operating, assisting in the operation of, or facilitating in any manner the use or operation of mediavestw.com. The hearing shall take place at 3:00 p.m. on September 21, 2010 in Courtroom 4, on the fifth floor of 280 South 1st Street, San Jose, CA 95113.

Pending the hearing on the Order to Show Cause, Defendants are HEREBY RESTRAINED AND ENJOINED from operating or assisting in the use of, or facilitating in any manner the use of, the domain name mediavestw.com, for any purpose, including in connection with the sending or receiving of e-mail, domain name redirection services or the hosting of a website.

Pending the hearing on the Order to Show Cause, the registrar, registry and all other domain name authorities are ordered to expeditiously deposit with the Court documents sufficient to establish the Court's control and authority over mediavestw.com domain name, in accordance with 15 U.S.C. § 1125(d)(2)(D)(i)(I).

The above Temporary Restraining Order is effective beginning at 9:00 p.m. on September 13, 2010. This Order and supporting papers must be served on the registrant of record, the registry and the registrar for mediavestw.com no later than September 14, 2010. Any response or opposition to this Order must be filed and personally served on Plaintiff's counsel by Thursday, September 16, 2010. Any reply must be filed by Friday, September 17, 2010.

3

Case No.: 10-CV-04025-LHK
ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Having issued the Temporary Restraining Order, Plaintiff's motion for a telephonic hearing on the Temporary Restraining Order is thus DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: September 13, 2010

_____
LUCY H. KOH
United States District Judge

4

Case No.: 10-CV-04025-LHK
ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE