UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARCOM MEDIAVEST GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEDIAVESTW.COM and JOHN DOES 1-5, <br><br> Defendants. | CASE NO. C-10-04025-LHK <br><br> **ORDER ON NOTICE BY PUBLICATION [15 U.S.C. § 1125(d)]** <br><br> **Judge**: Hon. Lucy H. Koh <br> **Action Filed**: September 8, 2010 |

On September 21, 2010, this Court entered a Preliminary Injunction (Docket No. 23) in favor of Plaintiff Starcom MediaVest Group, Inc. ("SMG") and against the Registrant of the domain name MEDIAVESTW.COM, all parties in concert with the Registrant, and any other parties claiming ownership in the domain name MEDIAVESTW.COM. The Court found that SMG demonstrated a high likelihood of success on the merits, and that it was likely to suffer irreparable harm absent preliminary relief. In accordance with 15 U.S.C. § 1125(d)(2)(A)(ii)(II), the Court ordered SMG to publish notice of this Action for two weeks in each of the following newspapers: *San Jose Mercury News*, *San Francisco Chronicle*, *Chicago Tribune*, *Harrisburg Patriot News*, and the *Melbourne Herald Sun* (Melbourne, Australia).

SMG has now informed the Court that since the date of the Preliminary Injunction Order, SMG has reached out to each of the five newspapers identified above, and learned that to publish in all five newspapers for 14 days each, SMG will be required to pay over $20,500 in publishing fees. The Court finds that the foregoing amount represents an excessive expense in light of SMG's strong showing of likelihood of success on the merits.

The Court finds that publication in only one newspaper is appropriate here, namely the *San Jose Mercury News*. The registry of the defendant MEDIAVESTW.COM domain name (VeriSign, Inc.) is located in neighboring Mountain View; no other metropolitan area in the United States has as concrete of a connection to the MEDIAVESTW.COM domain name. And, although the registrar for MEDIAVESTW.COM (Melbourne IT) is located in Melbourne, Australia, the registrar already has actual notice of the action and has voluntarily turned control of the domain over to the Court (*see* Docket No. 16).

In light of the foregoing, the Court finds that good cause exists for an amendment to its previous order on notice by publication.

Therefore, **IT IS HEREBY ORDERED THAT**:

The Court's previous order on publication (as reflected in the Preliminary Injunction Order) is hereby amended as follows: SMG must publish notice of this action for five days in the *San Jose Mercury News* before November 14, 2010, and same shall be sufficient to satisfy the requirements of the ACPA, 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(b).

**IT IS SO ORDERED.**

Dated: October 13, 2010

By: *Lucy H. Koh*

The Hon. Lucy H. Koh
United States District Judge

ORDER ON NOTICE BY PUBLICATION
Case No. C-10-4025-LHK