United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STARCOM MEDIAVEST GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEDIAVESTW.COM AND JOHN DOES 1-5., ) <br> ) <br> Defendants. ) | Case No.: 10-CV-04025-LHK <br><br> ORDER GRANTING MOTION FOR DEFAULT JUDGMENT <br><br> (re: docket # 32) |

Presently before the Court is Plaintiff's unopposed motion for default judgment. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for resolution without oral argument. Thus, the hearing on this motion scheduled for February 3, 2011 is hereby vacated. For the reasons below, Plaintiff's motion for default judgment is GRANTED.

## I.     BACKGROUND

Plaintiff Starcom Mediavest Group, Inc. ("Plaintiff") is the registered trademark owner of the "mediavest" mark, and operates a website available at www.mediavestww.com. On September 13, 2010, the Court granted Plaintiff's motion for a Temporary Restraining Order against the registrant of Mediavestw.com, all parties in concert with the registrant, and any other parties claiming ownership in the domain name "mediavestw.com" (collectively "Defendants"). *See* Dkt. # 17. The Court ruled that Plaintiff met its burden of showing violation of trademark rights

1

pursuant to the *in rem* provisions of the Anticybersquatting Consumer Protection Act ("ACPA), 15 U.S.C. §1125(d). On September 21, 2010, after Defendants did not file an opposition to an Order to Show Cause and did not appear at the Show Cause hearing, the Court issued a preliminary injunction, restraining Defendants from operating or assisting in the use of, or facilitating in any manner the use of, the domain name mediavestw.com. *See* Dkt. # 23. The Court also required Plaintiff to publish notice of this action in the *San Jose Mercury News* for five consecutive days, as the registry of the mediavestw.com domain name (VeriSign, Inc.) is located in neighboring Mountain View, California. Plaintiff's compliance with the Court's Order as to notice by publication was completed on October 24, 2010. No answers were filed.

On November 23, 2010, the Clerk of the Court entered default in favor of Plaintiff. On December 8, 2010, Plaintiff moved for entry of default judgment and noticed the motion for a hearing on February 3, 2011. Any opposition to Plaintiff's motion would have been due by January 13, 2011. No opposition has been filed.

## II.   DISCUSSION

### A.  Default Judgment

The district court's decision whether to enter a default judgment is a discretionary one. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted). After the Clerk enters a party's default under FED. R. CIV. P. 55(a), the Court may enter a default judgment against the party. *See* Fed. R. Civ. P. 55(b)(2). "A failure to make a timely answer to a properly served complaint will justify the entry of a default judgment." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

As the Clerk has entered default, the Court accepts all factual allegations in the Complaint, none of which relate to damages, as true. Plaintiff has established, through its Complaint, moving papers, and supporting declarations, all of the elements necessary to entitle it to relief under the ACPA. Specifically, Plaintiff has established that: (1) it owns the registered "mediavest"

trademark; (2) the domain name registry, VeriSign, Inc., is located in this judicial district; (3) the "mediavestw.com" domain name infringes upon its trademark rights; and (4) despite its due diligence, it is unable to find a person who can be a defendant. *See* 15 U.S.C. § 1125(d).

### B. Remedy

The ACPA authorizes transfer of an offending domain name to the mark's owner. *See* 15 U.S.C. § 1125(d)(1)(C) ("[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order . . . the transfer of the domain name to the owner of the mark."). In the instant action, the unknown registrant has violated the ACPA by registering and using the infringing "mediavestw.com" domain name. In such circumstances, injunctive relief is authorized by 15 U.S.C. § 1116(a) to prevent violations under the ACPA. Considering the Registrant's ongoing violation of the ACPA, the Court concludes that permanent injunctive relief is appropriate with respect to the "mediavestw.com" domain name. *See Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 ("[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by defendant's continuing infringement."). Thus, Plaintiff is entitled to transfer of ownership of the offending domain name.

### III.   CONCLUSION

Accordingly, Plaintiff's motion for default judgment is GRANTED. Judgment is entered in favor of Plaintiff and against Defendants. The Court ORDERS Melbourne IT, Ltd., as the registrar of the domain name, to permanently transfer the domain name "mediavestw.com" from the current registrant to Plaintiff Starcom Mediavest Group, Inc. The February 3, 2011 motion hearing is vacated. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 31, 2011

LUCY H. KOH
United States District Judge